WILLIAM B. STEIN ET AL., AS WM. B. STEIN & COMPANY, PLAINTIFFS-RESPONDENTS, v. ABRAHAM V. BRODER, DEFENDANT-APPELLANT.

Argued October 11, 1929—Decided May 6, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Charles Handler.*

For the respondents, *Fast & Fast.*

PER CURIAM.

The action was to recover the purchase price and commissions for the purchase of one hundred shares of stock of the Firemen's Insurance Company. The respondents have a judgment therefor.

This the appellant, defendant below, seeks to have reversed upon several grounds:

1. Because the trial court erred in excluding answers to certain questions addressed to the plaintiff Stein.

We think the rulings were proper as the questions were not pertinent to the issues involved in the cause then being tried.

2. Because the plaintiff having hypothecated the stock in question, for a bank loan, such transaction amounted to a conversion by it and it was error for the trial court to refuse to direct a verdict in favor of the defendant-appellant.

This was not error. The proofs were that the stock in question would be released as collateral security to the loan in question upon payment to the bank of the purchase price of such stock. This, under the law and custom of brokers, does not make for a conversion. Moreover, this question was submitted to the jury and they found against the defendant. This submission probably placed the defendant in a more favorable position than he was entitled to.

3. Because the court erred in refusing to direct a verdict in that there was a variance between the proofs and the allegations of the complaint.

It is insisted that the complaint set up an absolute sale as between the plaintiffs and the defendant, while the proofs tended to show an executed brokerage agreement to purchase for the account of the defendant.

While the complaint may be said to be inartistically drawn, nevertheless, it fairly sets up a brokerage agreement upon the part of the plaintiff to purchase for the account of the defendant the stock in question.

4. Error in the charge of the court as follows: "This action as you have heard is brought by a brokerage firm to recover the purchase price and commission on one hundred shares of Firemen's Insurance Company stock."

This is the merest sort of an extract from the charge. A reading of the entire charge shows that the court explicitly and carefully submitted to the jury the contention of both parties; that of the plaintiffs that the transaction was that of brokerage to purchase the stock for the account of the defendant, and that of the defendant that it was a direct and

absolute sale of the stock by plaintiffs as the owners thereof to the defendant.

It is also urged that this case is controlled by the finding of part 3 of this court in case 409 of the October, 1929 term, of this court, in the matter of Pascal *v*. Hess. We are inclined to think this would be so if in the present case a verdict had been directed in favor of the plaintiff instead of submitting to the jury for determination the character of the contract. We think that here, as there, a jury question, upon that point, was presented. In the case referred to the trial court took the question away from the jury. Here the question was submitted to the jury and it found for the plaintiff-respondent.

Finding no error in any of the grounds urged we conclude that the judgment below should be affirmed, with costs.